## Richmond

GENERAL SHEET METAL WORKS, INCORPORATED V. FIRST AND MER-
CHANTS NATIONAL BANK, EXECUTOR, ETC.

March 8, 1971.

Record No. 7264.

Present, All the Justices.

*F. Byron Parker, Jr.* (*F. Byron Parker; Parker & Lane,* on brief),
for appellant.

*Alexander H. Slaughter* (*McGuire, Woods & Battle,* on brief), for
appellee.

Per Curiam.

General Sheet Metal Works, Incorporated filed its claim against
the estate of Benjamin Jacobs Parmele, deceased, for $3,348.59 alleged
to be payable for work done on a rock-crushing machine. The Com-
missioner of Accounts disallowed the claim and the lower court
sustained his ruling. From this final decree we granted General Sheet
Metal an appeal.

Parmele, president of Cyclo-Dynamics Corporation, had been in-
terested in developing a rock-crushing machine. General Sheet Metal
was employed to build and install some experimental equipment on
the machine. Upon completion of its work General Sheet Metal sub-
mitted two invoices to Cyclo-Dynamics, one for $2,190.75 and the

other for $1,157.94, making a total sum due of $3,348.69 (rather than the $3,348.59 later claimed). Subsequently W. L. Cobb, president of General Sheet Metal, called Parmele to inquire about arrangements for payment. Parmele offered to execute his personal note for the total amount of the invoices but Cobb declined the offer.

About a month later Cobb, needing money, called again. Parmele was not there so he talked to A. O. Rouse, Jr., secretary-treasurer of Cyclo-Dynamics. Pursuant to this conversation Cobb had a note prepared and mailed to Rouse for signature by Parmele for Cyclo-Dynamics as maker and by Parmele individually as endorser thereon. This arrangement was corroborated by Rouse. Parmele died before he could execute the note on behalf of Cyclo-Dynamics and personally endorse it.

We are of opinion that any liability on the part of Parmele's estate must arise from his alleged promise to be responsible for the debt of Cyclo-Dynamics which, under the Statute of Frauds (Code § 11-2 (4)[1]), was required to be in writing and signed by Parmele. Finding no such signed writing we affirm the decree of the lower court.

*Affirmed.*

---

[1] Va. Code § 11-2(4) (1950), as amended, provides as follows:

"§ 11-2. *When written evidence required to maintain action.*—No action shall be brought in any of the following cases:

\*　\*　\*

"(4) To charge any person upon a promise to answer for the debt, default, or misdoings of another; . . .

\*　\*　\*

"Unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby, or his agent; but the consideration need not be set forth or expressed in the writing, and it may be proved (where a consideration is necessary) by other evidence."